Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000419
13-JUN-2019
08:32 AM

NO. CAAP-17-0000419

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BROK CARLTON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC131000254(1))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Brok Carlton (Carlton) appeals from the Circuit Court of the Second Circuit's (Circuit Court) April 28, 2017 Judgment of Conviction and Sentence.[1] In Carlton's first appeal, this court vacated Counts I through III, affirmed Count IV, and remanded, instructing the State to choose between a new trial on Counts I through III and dismissal of two of those counts with resentencing on the third. State v. Carlton, No. CAAP-14-0000892, 2016 WL 3063684 at *9 (App. May 27, 2016)(mem). The State opted for the latter, choosing to maintain its conviction for Count II, Robbery in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-840(1)(a) (2014) (amended 2014).[2] Upon resentencing, the Circuit Court reimposed

---

[1]    The Honorable Rhonda I.L. Loo presided.

[2]    HRS § 707-840 provides, in relevant part:

       (1) A person commits the offense of robbery in the first degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

(continued...)

an indeterminate twenty-year term of incarceration for Count II
and again made it consecutive to the five-year term of
incarceration previously imposed for Count IV, Unauthorized
Control of a Propelled Vehicle (UCPV) in violation of HRS
§ 708-836 (2014).[3]

In the present appeal, Carlton argues the Circuit Court
erred in: (1) denying his motion to dismiss for violation of
Hawai'i Rules of Penal Procedure (HRPP) Rule 48; and
(2) requiring him to address the court and exercise his right to
allocution before the State elected the offenses to be dismissed,
thereby selecting the offense to which he would be sentenced.[4]

After reviewing the record on appeal and the relevant
legal authorities, and giving due consideration to the issues
raised and the arguments advanced by the parties, we resolve
Carlton's points on appeal as follows and affirm.

1.  Carlton asserts the Circuit Court erred in denying
his motion to dismiss for violating HRPP Rule 48.  Specifically,
he argues the delay from the entry of Judgment on Appeal in CAAP-
14-0000892 and the State's election not to pursue retrial was
greater than six months for the purposes of HRPP Rule 48, and the
Circuit Court erred by interpreting HRPP Rule 48 as not applying
to the ICA's remand.

HRPP Rule 48(b) provides, in relevant part:

> **By Court.** Except in the case of traffic offenses that are
> not punishable by imprisonment, the court shall, on motion
> of the defendant, dismiss the charge, with or without
> prejudice in its discretion, if trial is not commenced
> within six months:
>
> . . . .
>
> (3) from the date of mistrial, order granting a new trial or
> remand, in cases where such events require a new trial.

---

[2] (...continued)
              (a) The person attempts to kill another or
        intentionally or knowingly inflicts or attempts to inflict
        serious bodily injury upon another[.]

[3]      HRS § 708-836 provides, in relevant part, "(1) A person commits
the offense of unauthorized control of a propelled vehicle if the person
intentionally or knowingly exerts unauthorized control over another's
propelled vehicle by operating the vehicle without the owner's consent or by
changing the identity of the vehicle without the owner's consent."

[4]      Carlton's points of error have been restyled for clarity.

2

Thus, assuming without deciding, that HRPP Rule 48 is applicable to the State's election between retrial and dismissal of charges, the issue is when the HRPP Rule 48 clock began to run.

We conclude that the HRPP Rule 48 clock begins to run with the effective date of the ICA's judgment on appeal. Under the present version of HRAP, a party has at least thirty days from the entry of the judgment on appeal to file an application for writ of certiorari. HRAP Rule 40.1(a)(1). Until that time has elapsed, at a minimum, the appellate process is not complete as further review may be sought. In recognition of this process, HRAP Rule 36(c)[5] spells out the effective date of the ICA judgment, upon which jurisdiction reverts to the appealed-from court or agency. See Commentary to HRAP Rule 36.[6] See also, State v. Char, 136 Hawai'i 25, 356 P.3d 1045, CAAP-12-0000890, 2015 WL 4511662 at *3 (App. Jul. 24, 2015)(SDO) (jurisdiction does not revert to the circuit court until the time for filing an application for certiorari has expired).

In the instant case, the Memorandum Opinion was filed May 27, 2016. See Carlton, 2016 WL 3063684, at *1. The judgment

---

[5]     HRAP Rule 36 (amended 2015) provides, in relevant part:

(a) **Entry of judgment.** The filing of the judgment on appeal constitutes entry of judgment.

. . . .

(c) **Effective date of intermediate court of appeals' judgment.** The intermediate court of appeals' judgment is effective as follows:

(1) if no application for writ of certiorari is filed,

(A) upon the thirty-first day after entry or

(B) where the time for filing an application for a writ of certiorari is extended in accordance with Rule 40.1(a) of these Rules, upon the expiration of the extension[.]

[6]     The Commentary to Rule 36 states:

See Rule 41 and its commentary ("the intermediate court of appeals' judgment cannot be effective and jurisdiction cannot revert to the court or agency from which appeal was taken until the time for filing the application has expired or, if an application is filed, the supreme court has rejected or dismissed the application or affirmed the intermediate court of appeals' judgment in whole.")

3

on appeal was entered June 27, 2016. No application for writ of certiorari or extension of time for application was filed in this case. Thus, pursuant to HRAP Rule 36(c)(1)(A) the judgment on appeal was effective upon the thirty-first day after entry, or July 28, 2016. Therefore, the HRPP Rule 48 deadline was January 24, 2017. See State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996) (six months is construed as one hundred eighty days). On January 11, 2017, the State elected not to seek retrial, obviating any effect of HRPP Rule 48. We conclude that Carlton's argument fails because six months had not run from when the judgment became effective even assuming Carlton's assertion that HRPP Rule 48 applies to a remand with a choice for the State to elect between new trial and resentencing.[7]

2. Carlton contends the Circuit Court violated his right to allocution in violation of his due process rights. Specifically, Carlton contends because the State selected the count on which it sought resentencing after his allocution, he was denied notice and an opportunity to be heard.

The State argues that this error is waived because it was not raised before the trial court. See, e.g., State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003). Specifically, Carlton was aware that the State had not elected the specific counts for dismissal and did not object to this practice. Carlton's counsel stated:

> I understand that the State has elected not for a new trial, but to dismiss two of the counts. I'm still unclear as to which count the State is electing to dismiss. But whatever that decision is, we just hope that it is imposed

---

[7] Carlton also argues, relying on State v. Myers, 9 Haw. App. 169, 169, 828 P.2d 1287, 1288 (1992), the State's delay in bringing resentencing proceedings was unreasonable. We disagree. In Myers, we held, "where after the appellate court's entry of the final judgment on appeal the State's commencement of a proceeding to enforce the revocation order is unreasonably delayed, and where the defendant is substantially prejudiced because of such delay, the district court should void the license revocation order." Id. at 174, 828 P.2d at 1291.

Carlton's reliance on Myers is misplaced. First, the delay here is not unreasonable and indeed was within the HRPP Rule 48 time limit, as discussed above. Second, unlike the defendant in Myers, Carlton makes no allegation that he was prejudiced, let alone substantially prejudiced, by the delay. Moreover, any claim of prejudice is likely to fail because Carlton was otherwise imprisoned on the still-effective UCPV count. Therefore, any delay would not prejudice Carlton because he was otherwise lawfully imprisoned. Thus, Carlton's argument is without merit.

<u>concurrently.</u> That's the point of my sentencing argument today.

Thereafter, Carlton spoke at the court's request. Afterward, the State elected the charges to dismiss and outlined the argument in favor of consecutive sentences for Carlton. The court permitted Carlton's counsel to speak further. Carlton's counsel could have requested that Carlton be allowed to speak again, but did not. Therefore, the issue is waived.

In his Reply Brief, Carlton asks that we notice plain error. "[T]he decision to take notice of plain error must turn on the facts of the particular case to correct errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" <u>State v. Fox</u>, 70 Haw. 46, 56, 760 P.2d 670, 676 (1988) (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)).

Carlton argues that his due process right under Article I section 5 of the Hawai'i Constitution[8] was violated by the Circuit Court's procedure, asking for him to exercise his right to allocution before knowing for which charge he was to be sentenced.

By the time Carlton spoke on sentencing, he had received formal charges and a jury determined his guilt on those charges. The only issue on remand, absent a new trial, was which charges were to be dismissed. <u>Carlton</u>, 2016 WL 3063684 at *7-8. Carlton could have been resentenced on any of Counts I through III, based on the jury verdict because no new evidence was presented on these counts before resentencing. <u>Id.</u> at *1. That he did not know which counts were to be dismissed, logically, cannot be used to demonstrate a lack of notice as to the charges themselves or the evidentiary basis for them. Thus, Carlton received adequate notice of the facts at issue in resentencing.

_____

[8]    "No person shall be deprived of life, liberty, or property without due process of law[.]" Carlton also relies on <u>State v. Bani</u>, 97 Hawai'i 285, 296, 36 P.3d 1255, 1266 (2001) ("The minimum requirements of due process are notice and the opportunity to be heard.").

Carlton also cites to the fourteenth amendment to the United States Constitution. However, he presents no argument in support of this ground and, in any event there is no right to allocution under the United States Constitution. <u>See</u> <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962) (the right to allocution is not protected by the United States Constitution).

As to the opportunity to be heard, Carlton was afforded the opportunity to speak both personally and through counsel before the court reimposed sentence. Carlton takes issue with the order of the proceedings because the State dismissed the counts after he spoke. However, Carlton's counsel was allowed to speak after the State. In Schutter v. Soong, 76 Hawaiʻi 187, 873 P.2d 66 (1994)) the supreme court recognized that a defendant given the opportunity to speak under the appropriate statute, in this case HRS § 706-604(1) and HRPP Rule 32(a), may thereafter speak through counsel. Id. at 207, 873 P.2d at 86 (discussing State v. Medeiros, 8 Haw. App. 39, 47, 791 P.2d 730, 735 (1990)). Therefore, under Schutter Carlton received the opportunity to be heard.

Thus, because Carlton received both notice and the opportunity to be heard, his right to allocution as provided by the right to due process was not violated, and, therefore, the Circuit Court did not plainly err in its conduct of resentencing.

For the foregoing reasons, the April 28, 2017 Judgment of Conviction and Sentence entered by the Circuit Court of the Second Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, June 13, 2019.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant,
on the Opening Brief

Richard D. Gronna,
for Defendant-Appellant,
on the Reply Brief.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge